In the

# United States Court of Appeals
## For the Seventh Circuit

---

Nos. 15-3675, 15-3859

POLYCON INDUSTRIES, INC.,

*Petitioner, Cross-Respondent*,

*v.*

NATIONAL LABOR RELATIONS BOARD,

*Respondent, Cross-Petitioner*.

---

Petition for Review and Cross-Application for Enforcement of an
Order of the National Labor Relations Board.
No. 13-CA-104249

---

ARGUED APRIL 19, 2016— DECIDED MAY 9, 2016

---

Before BAUER, POSNER, and FLAUM, *Circuit Judges*.

POSNER, *Circuit Judge*. Polycon Industries, of Merrillville Indiana (a town in the northwestern corner of the state), is a manufacturer of plastic bottles and containers. Steven A. Johnson, a lawyer in the town, represented Polycon in collective bargaining with a Teamsters local (Teamsters Local Union No. 142) and in the ensuing litigation now before us; Polycon's brief describes Johnson as "Polycon's representative." In a decision reported at 363 N.L.R.B. No. 31 (Oct. 29,

2015), the National Labor Relations Board determined that the company had violated sections 8(a)(1) and (5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(1), (5), which prohibit unfair labor practices in interstate commerce, by refusing to sign a collective bargaining agreement after agreeing to its terms.

In October 2010, shortly after the Board had certified the union as the exclusive representative of Polycon's production and warehouse employees in collective bargaining with Polycon, the union and the company began protracted negotiations over what terms to include in a collective bargaining agreement. By January 2013 the parties had largely agreed on those terms. But in March, the agreement not yet signed, attorney Johnson asked that a clause requiring employees to belong to the union (a "union shop" or "union security" clause) be revised to reflect the fact that a year earlier Indiana had passed a right-to-work law, Ind. Code 22-6-6-8, prohibiting such clauses. After further negotiations the union suggested adding to the union-shop clause a statement that the clause "will not be implemented so long as the Indiana Right-To-Work statute remains in effect." On May 3 attorney Johnson replied that the proposed new language was "fine" and asked the union to send him a complete final version of the agreement, which he would "review and, assuming that it is consistent with our agreement, forward to the client for signing."

Four days later (May 7) the union emailed Johnson a copy of the collective bargaining agreement with the new language—and two days after that Johnson replied that Polycon would *not* sign the agreement. The refusal was not because of any inconsistency between the copy and what he'd

agreed upon with the union but because employees of Polycon were circulating a petition to decertify the union as their collective bargaining representative. Johnson's reply, or more precisely the conduct by Polycon that the reply reported (refusal to sign the agreement mailed by the union), violated the National Labor Relations Act. For once the parties agreed on the terms of the collective bargaining agreement, as they had done on May 3 when Johnson notified the union that the union's addition to the collective bargaining agreement was "fine," they were obligated to execute, which is to say sign, "a written contract incorporating any agreement reached if requested by either party." 29 U.S.C. § 158(d); see *H.J. Heinz Co. v. NLRB*, 311 U.S. 514, 523–26 (1941); *Capitol-Hustling Co. v. NLRB*, 671 F.2d 237, 240–45 (7th Cir. 1982); *Windward Teachers Association*, 346 N.L.R.B. 1148, 1150–51 (2006). The union had requested the company's signature on May 7 when it sent Johnson the text of the collective bargaining agreement containing the new language to which he'd agreed as Polycon's representative. In refusing to sign the agreement Polycon thus failed to comply with a request that the law obligated it to grant.

Desperately Polycon argues that under Indiana law there was no meeting of the minds on May 3. But Polycon had failed to cite Indiana law to the Labor Board—a fatal defect, 29 U.S.C. § 160(e)—and anyway state contract law is inapplicable to the interpretation and enforcement of collective bargaining agreements within the Board's jurisdiction. E.g., *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211–12 (1985); *Capitol-Hustling Co. v. NLRB*, *supra*, 671 F.2d at 242.

Once a collective bargaining agreement takes effect, moreover, the union enjoys a conclusive presumption of ma-

jority support until either the agreement's end date or three years from the agreement's effective date, whichever is earlier, even if a decertification petition is filed, as it was in this case. See *Auciello Iron Works, Inc. v. NLRB*, 517 U.S. 781, 786 (1996), and cases and text cited there. The decertification petition may have been signed by a majority of the employees as early as May 9, and by May 22 clearly commanded a majority, but either date was too late for Polycon to repudiate a collective bargaining agreement to which the company had agreed on May 3. *Flying Dutchman Park, Inc.*, 329 N.L.R.B. 414, 414–17 (1999).

Even if Polycon had simply proposed an agreement and no final agreement had been reached, its conduct would have been problematic, because the "withdrawal of a proposal by an employer without good cause is evidence of a lack of good faith bargaining by the employer in violation of Section 8(a) of the Act where the proposal has been tentatively agreed upon or acceptance by the Union appears to be imminent." *Mead Corp. v. NLRB*, 697 F.2d 1013, 1022 (11th Cir. 1983); see 29 U.S.C. § 158(a)(5). *Mead* was an "appears to be imminent" case, and the court upheld the Labor Board's finding of bad faith. The present case is an even stronger case for the union, since it had accepted Johnson's proposed change regarding right to work, and with that acceptance union and management had an agreement.

And so the Board, in the order before us that Polycon challenges, has directed Polycon to sign the agreement and comply with its terms until it expires. The order is so clearly correct that Polycon's challenge borders on the frivolous. As the Supreme Court said in *H.J. Heinz Co. v. NLRB*, *supra*, 311 U.S. at 526, an employer's "refusal to honor, with his signa-

ture, the agreement which he has made with a labor organization, discredits the organization, impairs the bargaining process and tends to frustrate the aim of the statute to secure industrial peace through collective bargaining."

Attorney Johnson insists that not his but Polycon's approval of the new language was required before the parties could be deemed to have approved it. But he provides no evidence, his own or Polycon's, that he hadn't been authorized to speak for the company when he told the union that the suggested addition was fine. Polycon could have asked for correction of any material mistakes before signing the contract but could not refuse to review and sign it because of the mere possibility that it contained a mistake.

The Board's order is

ENFORCED.